Brinkerhoff agt. Perry.

## SUPREME COURT.

CORNELIUS BRINKERHOFF agt. SARAH S. PERRY.

*Appeal — Stay of proceedings — Res adjudicata.*

A stay of proceedings will be granted to enable a party to review an order denying an application to make a pleading more definite and certain.

Where, in respect to the original pleading, the general term entertained an appeal from an order of special term denying an application to compel plaintiff to amend by making more definite and certain, and ordered that the complaint be so amended:

*Held*, the presumption is that such appeal was properly entertained and that the general term will entertain a second appeal in the same case.

*Special Term, May,* 1880.

MOTION and reargument under an order staying proceedings pending appeal to general term.

Plaintiff, in his amended complaint, alleges that his former wife, the defendant, received from him about the year 1863, property, both real and personal, to the amount of $118,648. That such property was conveyed to her in trust when plaintiff was unable to manage it by reason of excessive drinking. Under an order of the general term plaintiff amended his complaint and set out many items of the property alleged to have been so tranferred, and then adds in his amended complaint the following : "And other personal property which it is impossible for plaintiff to remember at this time." He demands an accounting and specific performance in the return of the property. Defendant applies for an order directing more definiteness and certainty which the special term refuses to grant. Defendant appeals and obtains a stay of proceedings. A reargument is allowed and the point taken that the order of special term denying an application is not appealable to the general term.

*George W. Wilson*, for plaintiff. The order is not appealable (*Gies* agt. *Loew*, 15 *Abb.* [*N. S.*], 94).

*Chauncey B. Ripley* and *Samuel Jones*, for defendant.

I. The order is appealable, and it has been so adjudicated by the general term of this court and by the common pleas general term (*Sprague* agt. *Dunton*, 14 *Hun*, 490, 492; *Arietta* agt. *Morrissey*, 1 *Abb.* [*N. S.*], 439). Compare *Winslow* agt. *Ferguson* (1 *Lans.*, 436); *Jeffras* agt. *McKillop & S. Co.* (2 *Hun*, 353); *Livermore* agt. *Bainbridge* (47 *How.*, 353); *Gray* agt. *Fisk* (53 *N. Y.*, 630); *Gowdy* agt. *Poullain* (2 *Hun*, 218); *Brinkerhoff* agt. *Perry* (*MS.*, *see note, below*).

II. This court has refused to follow *Gies* agt. *Loew*, a superior court case, decided in 1873 (15 *Abb.* [*N. S.*], 94), and so held expressly in *Sprague* agt. *Dunton* (14 *Hun*, *supra*, *p.* 492). The cases cited above are there referred to approvingly in support of the appealability of orders akin to the one under consideration.

III. The question of appealability is one for the court above to determine.

DONOHUE, *J.* — The general term on the former motion have reviewed the question.\* I am bound to suppose they decided it within their power, and will do so on this appeal.

Motion for stay granted, with costs.

---

\* This same case was before the general term, first department, and decided February, 1880. It has not been previously reported. The case as there presented was as follows:

Appeal from an order of special term denying defendant's application to compel plaintiff to make his complaint more definite and certain.

Plaintiff brought this action against defendant who was formerly his wife. The (orignal) complaint alleged in general terms that about seventeen years ago he transferred to defendant, while she was still his wife, "all his property;" "a large fortune;" "valuable real estate," "by deed and otherwise," "the same being valued at said date at the sum of eighty thousand dollars," and demanded an accounting and the return of his property. Plaintiff claimed in his complaint that he was an inebriate at

the time of the transfer, and that he was unduly influenced by his said wife and her father, one George S. Perry.

The special term having denied an application for particulars, and also a motion to make the complaint more definite and certain, defendant appealed from the order so denying relief, and urged that she was entitled to one remedy or the other.

The general term required plaintiff to amend his complaint.

*Chauncey B. Ripley,* for appellant.

*George W. Wilson,* for respondent.

*Per Curiam.*— We think the order should, in this case, be modified, by requiring the plaintiff to state in the complaint the specific real estate which he claims to have conveyed to the defendant, and the kind and quantity of personal property, if he claims to have conveyed any such property to her.

Ordered accordingly.

NOAH DAVIS, P. J., and BRADY and BARRETT, JJ.